UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **THE PRUDENTIAL INSURANCE COMPANY OF AMERICA,**<br><br>  **Plaintiff,**<br><br>  v.<br><br>**THOMAS YEON, in his capacity as administrator of the Estate of Jin Ho Yeon, and HANAM CAPITAL CORPORATION**<br><br>  **Defendants**<br><br>**THOMAS YEON, in his capacity as Administrator of the Estate of Jin Ho Yeon**<br><br>  **Cross Claimant**<br><br>  v.<br><br>**HANAM CAPITAL CORPORATION**<br><br>  **Cross Defendant** | Civ. No. 20-11353 (KM) (ESK)<br><br>OPINION |

**KEVIN MCNULTY, U.S.D.J.:**

  This matter concerns two motions: First, The Prudential Insurance Company of America ("Prudential") has moved for default judgment on its interpleader complaint, which it filed to resolve potential competing claims against the life insurance policy of Jin Ho Yeon ("Jin Ho"). Jin Ho's life insurance policy was maintained through Prudential until November 25, 2018, when he died. While Jin Ho's policy explicitly names Hanam Capital Corporation ("Hanam") as its beneficiary, Thomas Yeon, in his capacity as Administrator of Jin Ho's Estate ("the Estate"), claims that the proceeds are

1

properly considered property of the Estate. Prudential, which acknowledges that it is obligated to pay out the proceeds, is faced by conflicting claims; hence this action in interpleader.

Second, the Estate, as one of the two claimants of the insurance proceeds, moves for default judgment on its crossclaim against Hanam, the other potential claimant. Hanam, despite having been served, has failed to plead or otherwise defend against either the interpleader claim or the crossclaim.

I **GRANT** Prudential's motion for default judgment on the interpleader claim. I **DENY** the Estate's motion without prejudice to the filing of an amended crossclaim.

## I.  BACKGROUND

### A. Facts

In August of 1999, Jin Ho took out a loan with Hanam to finance a restaurant. (Crossclaim (DE 6) Count I ¶ 4.) As security for the loan, Hanam required that Jin Ho take out a life insurance policy naming Hanam as the beneficiary. (*Id.*) Jin Ho did so by taking out the life insurance policy at issue in this case with Prudential. (*Id.*) Jin Ho then repaid the loan from Hanam. (*Id.* ¶ 17.)[1]

Jin Ho died intestate on November 25, 2018. (*Id.* ¶ 1.) Thomas Yeon, his only child, was appointed administrator of the Estate on November 30, 2018. (*Id.* ¶ 2.) The Estate asked Prudential to pay it the life insurance proceeds. (*Id.* ¶ 5.) Prudential declined, explaining that it could not determine whether the

---

[1] On a motion for default judgment where the opposing party has failed to respond to a crossclaim, I take the factual allegations made in the Estate's Crossclaim as true. *United States v. 61,488 Counterfeit Perfume Bottles*, 2021 WL 3630302 at *1 n.2 (D.N.J. Aug. 17, 2021). I thus credit the Estate's lengthy allegations concerning its investigation into whether the loan was repaid, which revealed that Hanam recorded a UCC 1 lien against Jin Ho's restaurant and terminated that lien three years later (*id.* ¶ 7); that Hanam went into receivership in 2012; and that the receiver, after thoroughly investigating Hanam's loan portfolio, never pursued a claim against Jin Ho (*id.* ¶¶ 8–15).

2

Estate was entitled to the proceeds. (*Id.*) It asked that the Estate obtain a court order directing Prudential to pay the proceeds to the Estate. (*Id.*)

### B. Procedural Posture

Prudential filed an interpleader complaint against Hanam and the Estate on August 25, 2020. (DE 1.) The Estate answered the complaint and filed a crossclaim against Hanam on November 5, 2020. (DE 6.) A summons was issued and service was executed on Hanam. (DE 3, 4.) On November 10, 2020, the clerk entered a default against Hanam at Prudential's request. (DE 8, 9.) On December 31, 2020, the clerk then entered a default against Hanam at the Estate's request. (DE 12.) Prudential then filed this motion for a default judgment against Hanam on May 28, 2021, and the Estate filed its own motion for default judgment against Hanam on June 14, 2021. (DE 15, 18.) Hanam has not appeared or opposed either motion.

## II. DISCUSSION

I first consider Prudential's motion for default judgment on its interpleader complaint, which I will **GRANT**. I then consider the Estate's motion for default judgment on its crossclaim, which I will **DENY** because it fails to state a claim. The denial is without prejudice to the filing of an amended crossclaim.

### A. Prudential's Motion for Default Judgment on its Interpleader Complaint

Federal Rule of Civil Procedure 55 sets out the procedure for a party to seek default judgment. First, if the party against whom judgment is sought has failed to plead or otherwise defend against a complaint, the party seeking judgment seeks entry of a default by the clerk. Fed. R. Civ. P. 55(a). Once a default has been entered, a party may apply to the court for a default judgment. Fed. R. Civ. P. 55(b); *Nationwide Mutual Ins. Co. v. Starlight Ballroom Dance Club, Inc.*, 175 F. App'x 519, 521 n.1 (3d Cir. 2006) ("Prior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be entry of default as provided by Rule 55(a).").

3

Prudential requested and received an entry of default in this case on November 10, 2020, after Hanam was properly served. (DE 4, 8.) Prudential furthermore mailed Hanam a copy of the entry of default. (Ramunno Decl. (DE 15-4) ¶ 10.) Hanam has thus received notice and had ample opportunity to contest the proposed default judgment.

"The entry of a default judgment is largely a matter of judicial discretion, although the Third Circuit has emphasized that such 'discretion is not without limits . . . cases [should] be disposed of on the merits whenever practicable.'" *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535 (D.N.J. 2008) (quoting *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984)). "[B]efore granting a default judgment, the Court must first ascertain whether 'the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law.'" *Id.* (quoting *Directv, Inc. v. Asher*, 2006 WL 680533 at *1 (D.N.J. Mar. 14, 2006)). As previously noted, the court accepts as true the factual allegations in a crossclaim on a motion for default judgment. *61,488 Counterfeit Perfume Bottles*, 2021 WL 3630302 at *1 n.2.

Thus, I first must consider whether the facts as pled by Prudential justify granting default judgment on its interpleader complaint. Prudential seeks relief pursuant to statutory interpleader. The interpleader statute, 28 U.S.C. § 1335, provides:

(a) The district courts shall have original jurisdiction of any civil action of interpleader or in the nature of interpleader filed by any person, firm, or corporation, association, or society having in its custody or possession money or property of the value of $500 or more, . . . if

   (1) Two or more adverse claimants, of diverse citizenship as defined in section 1332 of this title, are claiming or may claim to be entitled to such money or property, or to any one of more of the benefits arising by virtue of any note, bond, certificate, policy or other instrument, or arising by virtue of any such obligation; and if

   (2) The plaintiff has deposited such money or property . . . into the registry of the court, there to abide the judgment of the court, or has given bond payable to the clerk of the court in such amount and with such surety as the court or judge may deem proper, conditioned upon the compliance by the plaintiff with the future

> order or judgment of the court with respect to the subject matter of the controversy.

28 U.S.C. § 1335. These requirements are met here. The life insurance proceeds total to $130,082.35, thus exceeding $500. (Interpleader Compl. (DE 1) ¶ 8.) Two or more entities of diverse citizenship claim entitlement to the proceeds, namely, Hanam, which is a New York Corporation, and the Estate, which has been opened in New Jersey. (*Id.* ¶¶ 2–3.)

Prudential additionally seeks to deposit the life insurance proceeds into the Court's registry. Federal Rule of Civil Procedure 67(a) provides that I may order that such a deposit be accepted, so long as notice has been given to every other party. I find that notice has been given, so Prudential may deposit the proceeds with the Court registry. Prudential has established the requirements for statutory interpleader.

In addition, before granting a motion for default judgment, I must make explicit findings "as to: (1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Doug Brady, Inc. v. New Jersey Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. Apr. 7, 2008).

As for the first requirement, I perceive no meritorious defenses against this interpleader complaint. An insurer's uncertainty as to which of two potential claimants to pay presents perhaps the classic case for interpleader. As for the second and third requirements, Prudential currently potentially faces multiple liability on life insurance policy proceeds which it is contractually obligated to pay out. It is thus prejudiced by its current inability to resolve or discharge its contractual obligations. Indeed, Prudential has diligently sought to distribute the life insurance proceeds; Hanam, on the other hand, has not responded to Prudential's complaint despite being served with both the complaint and the entry of default. I thus must presume that Hanam is to blame for its own default. *See Palmer v. Slaughter*, 2000 WL 1010261 at *2 (D. Del. July 13, 2000) (when defendant "has failed to answer, move, or otherwise

respond to the complaint, the entry of a default judgment against him is appropriate.").

Having found that all of the prerequisites for default judgment are met in this case, I grant Prudential's motion. In addition, I note that interpleader relief, as such, does not seem to be opposed by the Estate. The amount at issue may therefore be deposited into court. Once that step is completed, Prudential will be discharged from any further liability.[2] This action will become, in effect, a forum for resolving the competing claims of the Estate and Hanam.

### B. The Estate's Motion for Default Judgment

The Estate has asserted a crossclaim against Hanam for the proceeds of the policy. A default has been entered, and the Estate has moved for default judgment against Hanam, asserting that its right to the proceeds is superior. I do not, however, find that entry of a default judgment is appropriate based on the crossclaim, which is inadequately pled.

First, I consider whether "the unchallenged facts constitute a legitimate cause of action." *Gordashevsky*, 558 F. Supp. 2d at 536. A defendant is "deemed to have admitted the factual allegations of the Complaint by virtue of his default," *Asher*, 2006 WL 680533 at *1, but "a party in default does not admit mere conclusions of law," *Gordashevsky*, 558 F. Supp. 2d at 536.

The Estate's allegations are essentially that the deceased, Jin Ho, took out the life insurance policy as security for a loan from Hanam, and that Jin Ho thereafter repaid the loan. While I take the Estate's factual allegations to be true for the purposes of this motion, they do not suffice to establish the Estate's entitlement to the life insurance proceeds.

I start with Count I. While I might surmise a basis for the Estate's legal claim on the proceeds, the nature of the claim is not set forth. The Estate

---

[2] *See The Prudential Insurance Company of America v. Hovis*, 553 F.3d 258, 265 (3d Cir. 2009) (a stakeholder is entitled to be discharged from further liability and dismissed from the suit and claimants are not permitted to maintain claims against them); *Met. Life Ins. Co. v. Price*, 501 F.3d 271, 275 (3d Cir. 2007) ("Interpleader allows the stakeholder to file suit, deposit the property with the court, and withdraw from the proceedings."); *see also Metropolitan Life Ins. Co. v. Baretto*, 178 F. Supp. 2d 745, 748 (S.D. Tex. 2001).

6

argues that the allegations in the crossclaim "set[] forth the details of the loan between Hanam Capital and [Jin Ho] and sets forth the facts that confirm the loan was paid off by the Decedent." (DE 18-16 at 8.) What the crossclaim actually alleges is that the policy was taken out as collateral, but it does not allege a basis for concluding that the collateral was to revert to Jin Ho once the loan was repaid. It is possible, of course, that the parties had such an agreement, but it is not set forth in the Crossclaim.

Count I of the Crossclaim does not specify the legal theory on which the Estate's claim to the proceeds is based. The first count of the Crossclaim is simply entitled "Count I." (DE 6, Crossclaim Count I at 4.) The Estate's brief simply announces a generic entitlement: "[T]he facts set forth in the Cross Claim . . . provide the Court with grounds to enter default judgment." (DE 18-16 at 7.)

The Estate must either set forth a legal theory which demonstrates that the facts as alleged entitle it to the life insurance proceeds, or else allege additional facts—such as an agreement between Jin Ho and Hanam regarding the return of the collateral—which would give rise to a recognized cause of action. I might surmise that such a claim, in its most straightforward form, might sound in breach of contract, but I will hypothesize such a cause of action in the absence of some indication from the Estate itself.

In Count II of the Crossclaim, the Estate does cite the New Jersey Consumer Fraud Act ("CFA"). (*See* Crossclaim Count II at 9.) To state a prima facie case under the CFA, a plaintiff "must demonstrate three elements: (1) unlawful conduct by the defendant; (2) an ascertainably loss by the plaintiff; and (3) a causal connection between the defendant's unlawful conduct and the plaintiff's ascertainable loss." *Mickens v. Ford Motor Co.*, 900 F. Supp. 2d 427, 436 (D.N.J. 2012) (quoting *Payan v. GreenPoint Mortgage Funding*, 681 F. Supp. 2d 564, 572 (D.N.J. 2010)). "Unlawful conduct" is defined in the CFA as being

> the act, use or employment by any person of any unconscionable commercial practice, deception, fraud, false pretense, false

promise, misrepresentation, or the knowing, concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise . . . .

N.J. Stat. Ann. § 56:8-2. "The 'prime ingredient' underlying all types of unlawful conduct is the 'capacity to mislead.'" *Mickens*, 900 F. Supp. 2d at 436 (quoting *Arcand v. Brother Int'l Corp.*, 673 F. Supp. 2d 282, 296 (D.N.J. 2009)). "To commit an unlawful omission . . . defendant must act with knowledge, and intent is an essential element." *Id.*

Hanam, Count II alleges, had a duty to advise Prudential of the necessity to adjust the life insurance policy so that the proceeds would go to Jin Ho, and by failing to comply with that duty Hanam violated the CFA. (*Id.* Count II ¶¶ 2–3.) That, however, is no more than a legal conclusion. Again, I will not do a party's work for it. If Hanam had such a duty, the Estate must allege supporting facts and state the basis in law for finding such a duty.

The Estate has not pled facts sufficient to support a claim that the insurance proceeds were intended to revert to Jin Ho, or that Prudential had a duty to contact Prudential to make that come about. Without such facts, I cannot conclude that Hanam's omission constituted an unconscionable or fraudulent practice.

I do not reach the remaining arguments.

### III. CONCLUSION

For the reasons set forth above, Prudential's motion for interpleader and default judgment is **GRANTED**. The life insurance proceeds shall be deposited with the court. The Estate's motion for default judgment is **DENIED** without prejudice to the filing of a complaint which states a legal claim to the life insurance proceeds. A separate order will issue.

Dated: August 25, 2021

/s/ Kevin McNulty

_____

**KEVIN MCNULTY**
**United States District Judge**

8